**In re Glenn M. ROCCA, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 00–BG–813.

District of Columbia Court of Appeals.

Submitted Nov. 15, 2001.

Decided Dec. 6, 2001.

Before FARRELL and REID, Associate Judges, and FERREN, Senior Judge.

PER CURIAM:

Respondent Glenn M. Rocca was disbarred by the Supreme Court of New Jersey on May 12, 2000, for engaging in conduct involving fraud, deceit, dishonesty, and misrepresentation. The facts underlying his disbarment, as well as the discipline of his legal partners, are set forth in the opinion of the Supreme Court of New Jersey, *In re Pena,* 164 N.J. 222, 753 A.2d 633 (2000). In short, respondent entered into an agreement to become part owner of a liquor license and bar business with someone who was statutorily prohibited from owning a bar or becoming a liquor licensee. Respondent executed a sham purchase contract to conceal the interests of the co-owner. The sham contract was, thus, part of a conspiracy to evade the law. In furtherance of the scheme, respondent lied to and misled authorities investigating the transaction.

After learning of respondent's disbarment in New Jersey, Bar Counsel filed a certified copy of the disciplinary order with this court. This court temporarily suspended respondent pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board"). The Board has recommended that respondent be disbarred as reciprocal discipline. Although respondent has been permanently disbarred by the Supreme Court of New Jersey, our rules do not include the sanction of permanent disbarment. Accordingly, the Board recommends that respondent be disbarred with the right to apply for reinstatement five years after he files the affidavit required by D.C. Bar R. XI, § 14(g).

Respondent did not participate in the proceedings before the Board and has not opposed the Board's recommendation that

he be disbarred, and Bar Counsel has informed the court that she takes no exception to the Board's recommendation. Accordingly, our scope of review is quite limited. *In re Goldsborough,* 654 A.2d 1285 (D.C.1995); D.C. Bar R. XI, § 11(f).

 There is a rebuttable presumption that the sanction imposed by this court in a reciprocal discipline case will be identical to that imposed by the original disciplining court. *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992). This presumption is rebutted only if the respondent demonstrates, or the face of the record reveals, by clear and convincing evidence the existence of one of the conditions enumerated in D.C. Bar R. XI, § 11(c). *See* D.C. Bar R. XI, § 11(f). The record does not give us cause to find disbarment an inappropriate sanction in this case. We note that disbarment can be warranted for conduct involving severe acts of dishonesty. *See, e.g., In re Goffe,* 641 A.2d 458 (D.C.1994). For these reasons, we impose the reciprocal discipline of disbarment, with the difference that in this jurisdiction respondent will be eligible to apply for reinstatement five years after he satisfies the requirements of D.C. Bar R. XI, § 14. Accordingly, it is

ORDERED that Glenn M. Rocca is disbarred from the practice of law in the District of Columbia. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g) and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*