CLEVELAND BAR ASSOCIATION *v.* RUBINO.

[Cite as *Cleveland Bar Assn. v. Rubino* (2002), 94 Ohio St.3d 127.]

(No. 01–1135—Submitted August 28, 2001—Decided January 9, 2002.)

*Per Curiam.* On December 4, 2000, relator, Cleveland Bar Association, filed a three-count complaint charging respondent, Corey James Rubino of Parma, Ohio, Attorney Registration No. 0058480, with several violations of the Code of Professional Responsibility. Relator served the complaint by certified mail to the

address supplied by the respondent to the Clerk of the Supreme Court of Ohio as required by Gov.Bar R. VI(1)(D). When respondent failed to answer, relator filed a default motion with Master Commissioner John R. Milligan of the Board of Commissioners on Grievances and Discipline ("board"), to whom the matter had been referred.

Based upon the allegations of the complaint and exhibits attached to relator's default motion, the master commissioner found that Jean Brown retained respondent in October 1997, and he filed a bankruptcy petition for her. Although Brown had executed copies of the statement of affairs and schedules required by the bankruptcy rules, respondent failed to file them within the applicable time limits. When the bankruptcy court ordered Brown to appear and show cause why her case should not be dismissed, respondent advised her that she need not attend the hearing. As a result of the deficient filing and her failure to appear, Brown's case was dismissed. Respondent promised Brown that he would have the case reinstated or file a new case. However, he did neither and did not respond to Brown's telephone calls.

In March 1999, Sandra S. Nathan paid respondent fees of $887.50 to represent her in a divorce action. Although respondent negotiated the settlement and prepared the appropriate papers, he failed to file them. Respondent did not notify his client of the hearing on her case and failed to attend himself. As a result, Nathan's divorce action was dismissed for want of prosecution. Respondent did not inform Nathan of the dismissal, and when she inquired, he advised her that he was awaiting final papers from the court. Respondent also failed to provide any services to Nathan after she had paid him a $200 retainer to file a motion to change custody in an earlier divorce case.

In 1998, respondent filed a complaint for Edith Garcia, who had paid him a retainer of $500. No service of process was obtained, and although respondent obtained a continuance to perfect service, he made no attempt to serve the defendant from April 1999 to September 1999. Nevertheless, he repeatedly assured Garcia that "everything was coming along." Garcia finally discovered that no action had been taken and filed the appropriate forms to obtain service herself.

When contacted by relator regarding the grievances filed against him, respondent agreed to supply information about these matters. However, he did not supply the information, failed to respond to relator's notice of intent to file, and failed to answer the complaint.

The master commissioner concluded that respondent's neglect and failure to carry out his contract in each of the three matters violated DR 6–101(A)(3) (a lawyer shall not neglect an entrusted legal matter) and 7–101(A)(2) (a lawyer shall not fail to carry out a contract for professional employment). He further

concluded that in the Nathan case, respondent violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). Further, respondent's failure to cooperate in relator's investigation violated Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in an investigation or hearing). Noting that respondent had previously received a public reprimand from the Supreme Court of Ohio in *Cuyahoga Cty. Bar Assn. v. Rubino* (2000), 87 Ohio St.3d 466, 721 N.E.2d 986, and had been found in contempt in *Cuyahoga Cty. Bar Assn. v. Rubino* (2000), 89 Ohio St.3d 1478, 733 N.E.2d 617, the master commissioner recommended that respondent be indefinitely suspended from the practice of law.

The board adopted the findings, conclusions, and recommendation of the master commissioner.

We have reviewed the record and adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

*Michael M. Hughes,* for relator.