OFFICE OF DISCIPLINARY COUNSEL *v.* MBAKPUO.

[Cite as *Disciplinary Counsel v. Mbakpuo,* 98 Ohio St.3d 177, 2002-Ohio-7087.]

*Attorney at law — Misconduct — Permanent disbarment — Unauthorized practice of law in Maryland while Ohio license under indefinite suspension — Misrepresenting on letterhead professional associations — Failure to cooperate in disciplinary investigation.*

(No. 2002-1135 — Submitted August 27, 2002 — Decided December 26, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-63.

_____

**Per Curiam.**

{¶1} Respondent, Chukwujindu Victor Mbakpuo of Bowie, Maryland, Attorney Registration No. 0052019, was admitted to the practice of law in Ohio on May 20, 1991. In *Disciplinary Counsel v. Mbakpuo* (1995), 73 Ohio St.3d 292, 652 N.E.2d 976, we suspended respondent's license to practice law indefinitely, effective August 23, 1995, after finding that he had committed nine violations of the Code of Professional Responsibility and had failed to cooperate in the investigation of that misconduct. We determined that, among other misconduct, respondent had engaged in the unauthorized practice of law by appearing before courts in Maryland and the District of Columbia while not licensed to practice in those jurisdictions. We also found that respondent had represented on professional letterhead that he was associated with attorneys and others with whom he had no formal professional association.

{¶2} Following his indefinite suspension in Ohio, respondent remained admitted to the practice of law in a federal district court in Maryland. However,

on September 20, 1995, respondent was disbarred by that court. Since that date, respondent has not been licensed or otherwise authorized to practice law in any state or federal court.

{¶3} On June 28, 1999, respondent filed a petition for reinstatement to the practice of law in Ohio. While investigating respondent's fitness for reinstatement, relator, Disciplinary Counsel, learned that respondent had engaged in the unauthorized practice of law in Maryland while his Ohio license was under suspension. In fact, the state of Maryland indicted respondent in 1997 for representing clients without a license, theft of client fees, and misrepresenting himself as licensed to practice in that state. Respondent had also created and used professional letterhead that falsely showed him to be associated with other attorneys. We denied respondent's petition for reinstatement on May 23, 2000. *Disciplinary Counsel v. Mbakpuo* (2000), 89 Ohio St.3d 1218, 729 N.E.2d 1191.

{¶4} Based upon the information discovered while investigating respondent's reinstatement petition, relator initiated an investigation into respondent's alleged misconduct occurring after his 1995 suspension. On June 11, 2001, relator filed a complaint charging respondent with additional violations of the Code of Professional Responsibility during 1994, 1995, 1996, and 1997. A panel of the Board of Commissioners on Grievances and Discipline ("board") heard the cause, considered the evidence submitted, and made relevant findings.

{¶5} In relation to count one, the panel found that respondent had represented clients in a jurisdiction in which he was not authorized to practice. Professional correspondence generated by respondent and his guilty pleas to two counts of engaging in the unauthorized practice of law in Montgomery County, Maryland, showed that respondent had wrongfully held himself out as a licensed attorney in Maryland and had illegally represented clients and accepted fees. Respondent also admitted in testimony to practicing law while his license was suspended.

2

**{¶6}** In regard to counts two, three, and four of the complaint, the evidence established that while he had no authority to practice law in any jurisdiction, respondent had several times created and used professional letterhead, purportedly of a law office in Silver Spring, Maryland. In June 1995, while disciplinary proceedings were pending and thereafter, respondent used letterhead with the firm name of "Beatty, Lewis, Mbakpuo & Associates, Attorneys at Law." The letterhead listed the names of Rufus Beatty, Jerry L. Lewis, C. Victor Mbakpuo, Len Henderson, Johann Richter, MS., Ph.D., and Peter Njang, LLM., and represented that all were members of the same firm and engaged in "Domestic & International Practice." Moreover, in June 1997, when he was not authorized to practice law in any state or federal court, respondent used similar letterhead indicating that he was authorized to practice law and again holding himself out as a partner in the law firm of "Beatty, Lewis, Mbakpuo & Associates, Attorneys at Law."

**{¶7}** In depositions, Beatty, Lewis, Njang, and Richter testified that they were never members of any law firm with respondent, nor had they known that respondent had listed their names on office letterhead. The panel found that Beatty, Lewis, Njang, and Richter were never in partnership or associated with respondent and had never consented to respondent's use of their names.

**{¶8}** Based on the preceding, the panel determined that respondent had failed to indicate on his professional correspondence that he was not admitted to practice law in Maryland where his office was purportedly located and had therefore falsely represented to the public and to his clients that he was authorized to practice law in this jurisdiction. The panel further determined that respondent had represented to the public and to his clients that he was a partner in a law firm that did not, in fact, exist.

**{¶9}** The panel concluded that, by practicing law in a jurisdiction where he was not licensed, by representing clients and accepting fees from them without

a valid license, and by misrepresenting himself to the public as licensed to practice law while not licensed and while his Ohio license was suspended, respondent had violated DR 3-101(B) (practicing law in violation of the regulations of that jurisdiction),[1] 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct that is prejudicial to the administration of justice), and 1-102(A)(6) (engaging in conduct that adversely reflects on a lawyer's fitness to practice law). The panel further determined that respondent violated DR 1-102(A)(4) by repeatedly representing on professional letterhead that he was authorized to practice law in a jurisdiction where he was not authorized to practice law, indicating that he was a partner in a fictitious law firm, and using the names of other attorneys without permission to create the impression of a legal partnership or association where none existed. In addition, the panel found that by practicing under a firm name that is misleading as to the lawyers practicing under the name, respondent had violated DR 2-102(B) (practicing under a misleading name), and that by holding himself out as having a partnership with lawyers who were not in fact partners, respondent had violated 2-102(C) (falsely holding oneself out as part of a partnership or professional corporation). Respondent also had failed to indicate on his letterhead the jurisdictional limitations of each lawyer listed, as required by DR 2-102(D).

{¶10} Finally, the panel determined that respondent had violated Gov.Bar R. V(4)(G) by not cooperating in relator's investigation into the allegations of misconduct against him. To the contrary, the panel found that respondent had

---

1. The panel referred to a nonexistent rule, DR 3-102(D), in its report. This error apparently originated in the complaint, but it is clear from the record that a finding of a violation of DR 3-101(B) was intended.

attempted to evade, avoid, and discredit the investigation and, moreover, had impugned the motives of Disciplinary Counsel and the investigating attorney.

{¶11} The panel recommended that respondent be disbarred. In making its recommendation, the panel considered as aggravating factors that respondent is presently under an indefinite suspension from the practice of law in Ohio, that the misconduct occurred while respondent was indefinitely suspended, and that respondent had been previously denied reinstatement to the practice of law in Ohio. The panel further considered as aggravating factors that the unauthorized practice of law occurred because respondent was in financial difficulty, that the proven misconduct repeated behavior for which respondent had been previously sanctioned, and that his misconduct had led to disciplinary action in other jurisdictions. The panel also considered respondent's failure to cooperate in the disciplinary process as aggravating. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction of disbarment.

{¶12} On review, we find that the evidence of record supports the board's findings of misconduct. Respondent has admitted that while suspended by this court, he repeatedly engaged in the unauthorized practice of law in Maryland. Respondent also acknowledged, and the evidence shows, that respondent has repeatedly held himself out as an attorney while under suspension and in a jurisdiction where he was not licensed to practice law. Furthermore, despite his assertions to the contrary, respondent misappropriated the names of other attorneys by listing them on professional letterhead without proper authorization. Moreover, much of his misconduct here is similar to the violations that we found respondent to have committed previously. See *Mbakpuo,* 73 Ohio St.3d 292, 652 N.E.2d 976.

{¶13} The normal penalty for continuing to practice law while under suspension is disbarment. *Disciplinary Counsel v. Koury* (1997), 77 Ohio St.3d

433, 436, 674 N.E.2d 1371. Respondent has offered no compelling mitigating evidence that would justify a lesser sanction.

{¶14} We agree that respondent should be disbarred, as the board recommended. In this case, we disbar an attorney who (1) violated our order suspending his license to practice law, (2) engaged in the unauthorized practice of law by representing clients in a jurisdiction in which he was not licensed, (3) represented that he was a partner in a law firm that did not exist, (4) used the names of other attorneys without permission to create the impression of a legal partnership or association where none existed, and (5) failed to cooperate in the investigation of this misconduct.

{¶15} Accordingly, respondent is disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Kevin L. Williams, Assistant Disciplinary Counsel, for relator.

Chukwujindu Victor Mbakpuo, pro se.

_____