**In re Chukwujindu Victor MBAKPUO, Petitioner**

**An Applicant for Admission to the Bar of the District of Columbia Court of Appeals.**

**No. 01–BG–1296.**

District of Columbia Court of Appeals.

Argued June 26, 2002 *.

Decided July 24, 2003.

* At the time this case was argued, petitioner was under indefinite suspension from the Ohio Bar. Some time thereafter we learned that he had been disbarred by the Ohio Supreme Court. We therefore held this proceeding in abeyance and asked the parties to file supplemental briefs discussing the effect of that disbarment, if any, on the matter before us. They have done so, and the case is now ready for a final decision.

Chukwujindu Victor Mbakpuo, pro se.

Alan H. Kent for the Committee on Admissions.

Before WAGNER, Chief Judge, and TERRY and WASHINGTON, Associate Judges.

PER CURIAM:

Chukwujindu Victor Mbakpuo has applied for admission to the District of Columbia Bar. After a background investigation and a formal hearing, the Committee on Admissions recommends that we deny his application on the ground that petitioner has not presented clear and convincing evidence that he has the requisite moral character and fitness to practice law. We agree that the application should be denied, but for somewhat different (albeit related) reasons.

I

Petitioner was admitted to the Ohio Bar in 1991 after passing the Ohio bar examination. In later disciplinary action, his Ohio license to practice law was suspended indefinitely by disciplinary authorities in Ohio. *Office of Disciplinary Counsel v. Mbakpuo,* 73 Ohio St.3d 292, 652 N.E.2d 976 (1995). The Ohio disciplinary action was based on (1) charges of unauthorized practice of law in Maryland and in the District of Columbia, (2) threats that petitioner made to the Chairman of the District of Columbia Committee on Unauthorized Practice of Law, and (3) neglect of a case pending in the United States District Court for the Eastern District of Virginia.

Meanwhile, petitioner applied for admission to the District of Columbia Bar without examination. At that time, the Ohio disciplinary proceeding was ongoing, and this court's Committee on Admissions deferred action on his application in accord with its usual practice. Concurrently with the Ohio disciplinary proceeding, this court's Committee on Unauthorized Practice of Law entered into a consent order with petitioner in October 1995, imposing a number of restrictions on him "unless and until he is admitted to the District of Columbia Bar." The consent order included a provision that petitioner "shall not act as a lawyer or attorney at law in any respect at or within any office, court, agency, department, or any other place within the District of Columbia." The investigation by the Committee on Unauthorized Practice of Law found that petitioner had maintained an office for the practice of law in the District of Columbia between 1991 and 1994. While that investigation was in progress, petitioner wrote a letter to the Committee on the Unauthorized Practice of Law stating that he had told the Chairman of the Committee that he might need "police protection" and that the Chairman

was a "worthless cruel creature that [would] die by his treachery and mischief." He wrote further, "If I kill him, he should know by now that he dug his own grave by his mischief and treachery, and has made a murderer out of me."

Because he was unable to obtain admission to the District of Columbia Bar on motion as a result of his indefinite suspension in Ohio, petitioner sat for the District of Columbia bar examination in July 1996. He failed that examination, but he took the next bar examination in February 1997 and obtained a passing score. By that time, however, several new complaints had been lodged against him for unauthorized practice of law, both in the District of Columbia and in Maryland.[1] As a result, the Committee on Admissions again deferred certifying petitioner for admission until the Committee on Unauthorized Practice of Law completed a new investigation into those complaints.

That investigation found that petitioner had opened a new law office in Maryland even though he had no license to practice law in that state. On June 10, 1998, petitioner pleaded guilty to two counts of unauthorized practice of law in Montgomery County, Maryland, in connection with his representation of clients on insurance claims in Maryland.[2] On a motion for reconsideration, however, the finding of

guilt was later stricken by the Maryland court, which then entered and simultaneously closed a disposition of "probation before judgment." In addition, the committee investigation also found that petitioner had made an appearance before the District of Columbia Department of Employment Services on behalf of another client. Upon completion of its investigation, the Committee on Unauthorized Practice of Law reported that petitioner had committed knowing violations of the earlier consent order.

On October 14, 1998, the Committee on Admissions held a hearing on petitioner's moral character and general fitness for admission, pursuant to this court's Rule 46(f).[3] During the hearing, petitioner asserted that his appearance before the Department of Employment Services was a mistake, but he nevertheless argued that he was entitled to practice before a District of Columbia government agency because such practice does not require admission to the bar. The committee discredited this testimony in its findings. It ruled that petitioner's grounds for violating the consent order were unreasonable, given the express language in the order prohibiting practice before District of Columbia agencies.

The committee also inquired why petitioner had failed to notify the committee

---

1. We note that after his indefinite suspension in Ohio in August 1995, petitioner was disbarred by the United States District Court for the District of Maryland on September 20, 1995. "Since that date, [petitioner] has not been licensed or otherwise authorized to practice law in any state or federal court." *Office of Disciplinary Counsel v. Mbakpuo*, 98 Ohio St.3d 177, 177, 781 N.E.2d 208, 210 (2002).

2. Unauthorized practice of law is a crime in Maryland, but not in the District of Columbia.

3. Rule 46(f)(1) provides that if the Committee "is unwilling to certify an applicant for ad-

mission," it must "notify the applicant of the choice of withdrawing the application or requesting a hearing." The applicant then has thirty days within which to file a written request for a hearing. Rule 46(f)(4) states that if a hearing is held, and if the Committee then decides "that an adverse report should be made," it must serve on the applicant a copy of that report and permit the applicant to withdraw his application within fifteen days. "If the applicant elects not to withdraw," the Committee then delivers its report to this court, serving a copy on the applicant. All of those procedures were followed in this case.

that he had been a party to a civil suit during the admissions process. *See Mbakpuo v. Ekeanyanwu*, 738 A.2d 776 (D.C. 1999). Petitioner was under a continuing obligation to report such information, and the committee found that he did not give a suitable explanation for his failure to do so. In addition, petitioner admitted that he had engaged in the unauthorized practice of law in Maryland and in the District of Columbia. He explained that he was under severe financial hardship due to the illness of his mother and other family obligations. The committee concluded that this financial hardship did not mitigate petitioner's knowing decision to engage in the unauthorized practice of law.

Several months after the District of Columbia hearing, petitioner filed a motion in the Ohio Supreme Court to reinstate his license there. After a hearing in Ohio, the disciplinary authorities recommended that the court deny his petition. The Ohio Supreme Court later adopted that recommendation and denied his petition for reinstatement. *Office of Disciplinary Counsel v. Mbakpuo*, 89 Ohio St.3d 1218, 729 N.E.2d 1191 (2000).

After we heard argument in this case, we were informed by the Committee on Admissions that petitioner had been disbarred in Ohio by the Ohio Supreme Court. *See Office of Disciplinary Counsel v. Mbakpuo*, 98 Ohio St.3d 177, 781 N.E.2d 208 (2002). At our request, both the Committee and petitioner have filed supplemental briefs discussing the significance of that disbarment and its possible relevance to petitioner's application for admission to practice law in the District of Columbia.

## II

■ Our decision on petitioner's application for admission to the District of Columbia Bar is guided by the fact that petitioner has been disbarred in the State of Ohio. If we were to admit him now to the District of Columbia Bar, petitioner would be immediately subject to reciprocal disciplinary action in the District of Columbia as a result of his disbarment in a sister jurisdiction. *See In re Sheridan*, 798 A.2d 516, 521–522 (D.C.2002); *In re Rocca*, 786 A.2d 560, 561 (D.C.2001); *In re Velasquez*, 507 A.2d 145, 146–147 (D.C. 1986). With exceptions not pertinent here, "a final determination by a disciplining court outside the District of Columbia or by another court in the District of Columbia that an attorney has been guilty of professional misconduct shall conclusively establish the misconduct for the purpose of a reciprocal disciplinary proceeding in this court." D.C. Bar Rule XI, § 11(c). Consequently, we cannot grant petitioner's District of Columbia bar application until he has successfully regained his license to practice in Ohio.

■ We recognize, as petitioner points out, that he has not had an opportunity to present new evidence of his improved character and fitness since the Committee on Admissions held its formal hearing in October 1998. Because of the passage of time since that date, we might be inclined in other circumstances to remand the application to the Committee on Admissions for a new hearing so that petitioner might have an opportunity to present any new evidence that he has reformed his behavior. In this case, however, a remand would be futile because petitioner's Ohio license has already been taken away, and so long as he remains disbarred in Ohio, he cannot be admitted to the District of Columbia Bar.[4] Nevertheless, if petitioner

---

4. A critical fact, which we cannot overlook or ignore, is that petitioner was disbarred in Ohio for, *inter alia*, the unauthorized practice of law, which included both representing

is successful at restoring his Ohio license at some point in the future, he may then renew his application for admission here. He will then have an opportunity to submit new evidence that he possesses the moral character and fitness to practice law in the District of Columbia.

For the foregoing reasons, petitioner's application for admission to the District of Columbia Bar is denied, without prejudice to his right to seek admission anew if and when his license to practice in Ohio has been restored.

*So ordered.*

clients in a jurisdiction where he was not licensed and continuing to practice while under indefinite suspension. *See* 98 Ohio St.3d at 180, 781 N.E.2d at 212. Engaging in the unauthorized practice of law constitutes misconduct in the District of Columbia. D.C. Ct.App. Rule 49(a); D.C. Rule of Prof. Conduct 5.5. Such misconduct is grounds for disbarment in a reciprocal discipline case. *See, e.g., In re Harper,* 785 A.2d 311, 316–317 (D.C.2001).