CLEVELAND BAR ASSOCIATION *v.* RUBINO.

[Cite as *Cleveland Bar Assn. v. Rubino,*
115 Ohio St.3d 199, 2007-Ohio-4797.]

(No. 2007–0749—Submitted July 10, 2007—Decided September 20, 2007.)

**Per Curiam.**

{¶ 1} This court admitted respondent, Corey J. Rubino of Parma, Ohio, Attorney Registration No. 0058480, to the practice of law in Ohio in 1992. On January 9, 2002, we indefinitely suspended respondent from practice for professional misconduct, including neglect of three clients' cases and dishonesty. See *Cleveland Bar Assn. v. Rubino* (2002), 94 Ohio St.3d 127, 760 N.E.2d 818. Previously, we had publicly reprimanded respondent for failing to cooperate in disciplinary proceedings, see *Cuyahoga Cty. Bar Assn. v. Rubino* (2000), 87 Ohio St.3d 466, 721 N.E.2d 986, and then found him in contempt when he failed to comply with the administrative requirements of our order. See *Cuyahoga Cty. Bar Assn. v. Rubino* (2000), 89 Ohio St.3d 1478, 733 N.E.2d 617.

{¶ 2} The Board of Commissioners on Grievances and Discipline recommends that we now permanently disbar respondent, based on findings that he repeatedly practiced law in violation of our order suspending his license. On review, we find that respondent violated the Code of Professional Responsibility as found by the board and agree that permanent disbarment is warranted.

{¶ 3} Relator, Cleveland Bar Association, charged respondent in a four-count complaint with violations of DR 1–102(A)(4) (prohibiting a lawyer from engaging in dishonesty, fraud, deceit, or misrepresentation), 3–101(B) (prohibiting a lawyer from practicing in a jurisdiction where to do so would violate the regulations of that jurisdiction), and 9–102(B)(4) (requiring a lawyer to promptly pay requested funds in his possession that the client is entitled to receive). Respondent answered, admitting most of the allegations against him. A panel of the board heard the cause and, based on comprehensive stipulations and other evidence, found the cited misconduct and recommended disbarment. The board adopted the panel's findings of fact and misconduct and recommended that respondent be disbarred.

{¶ 4} Respondent has not objected to the board's report.

## Misconduct

{¶ 5} As to Count I, the board found violations of DR 1–102(A)(4) and 3–101(B) because respondent represented a friend after respondent's license had been indefinitely suspended. In December 2004, respondent filed a complaint on behalf of Walter Gundling in the Cuyahoga County domestic relations court, at some point accepting $1,000 for his services. Respondent did not advise Gundling of his suspension.

{¶ 6} As to Count II, the board found violations of DR 1–102(A)(4) and 3–101(B) because respondent continued to represent another friend after our order suspending him from practice. In October 2002, respondent filed objections to a magistrate's order on behalf of John B. Pierson in the Cuyahoga County domestic relations court. Respondent also appeared for Pierson that month on a motion to modify child support, and he continued to represent Pierson until October 2004. Respondent did not advise Pierson of his suspension.

{¶ 7} As to Count III, the board found that respondent had violated DR 1–102(A)(4) and 3–101(B) by acting on behalf of another friend's son despite our suspension order. Respondent accepted $300 to represent the son in January 2005 before the Parma Municipal Court and at a high school expulsion proceeding. Respondent also did not advise this client that he has been indefinitely suspended from practice.

{¶ 8} As to Count IV, the board found a violation of DR 9–102(B)(4) because respondent did not repay the friend in Count III her $300 upon request.

{¶ 9} We adopt all the board's findings of misconduct.

## Sanction

{¶ 10} Respondent has expressed remorse, acknowledged his wrongdoing, and participated cooperatively in the disciplinary process. These mitigating factors are far outweighed, however, by respondent's long history of disciplinary infractions, his persistent pattern of neglect and dishonesty, and the fact that he did not honor a request for refund of $300 in undeserved fees. "The normal penalty for continuing to practice law while under suspension is disbarment." *Disciplinary Counsel v. Mbakpuo,* 98 Ohio St.3d 177, 2002-Ohio-7087, 781 N.E.2d 208, ¶ 13; *Disciplinary Counsel v. Allison,* 98 Ohio St.3d 322, 2003-Ohio-776, 784 N.E.2d 695, ¶ 12. We therefore accept the recommendation to disbar.

{¶ 11} Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

Ulmer & Berne, L.L.P., Kenneth A. Bravo, and Melissa Zujkowski, for relator.

Corey J. Rubino, pro se.