DISCIPLINARY COUNSEL *v.* SHAW.

[Cite as *Disciplinary Counsel v. Shaw,* 138 Ohio St.3d 522, 2014-Ohio-1025.]

*Attorney misconduct, including representing clients while under suspension for earlier serious misconduct—Permanent disbarment.*

(No. 2013-0923—Submitted August 21, 2013—Decided March 25, 2014.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 12-096.

_____

**Per Curiam**.

{¶ 1}  Respondent, Kenneth Norman Shaw of Warren, Ohio, Attorney Registration No. 0005525, was admitted to the practice of law in Ohio in 1980. We suspended Shaw for two years on September 23, 2010, after finding that he had named his five children as beneficiaries in a trust he prepared for a client, borrowed $13,000 from the same client without advising her of the inherent conflict of interest, and failed to repay the loan as agreed and that, with regard to a different client, he had accepted attorney fees for a guardianship without obtaining prior approval from the probate court. *Disciplinary Counsel v. Shaw*, 126 Ohio St.3d 494, 2010-Ohio-4412, 935 N.E.2d 405.  On December 10, 2010, we found Shaw in contempt for failing to file his affidavit of compliance on or before October 25, 2010, as required by the September 23, 2010 order. *Disciplinary Counsel v. Shaw*, 127 Ohio St.3d 1455, 2010-Ohio-6038, 938 N.E.2d 42.  Shaw has not applied for reinstatement, nor has he been reinstated to the practice of law.

{¶ 2}  In the present matter, on December 10, 2012, relator, disciplinary counsel, filed a two-count complaint against Shaw with each count charging him with multiple disciplinary-rule violations.  The violations in Count I relate to his

representing clients while he was under suspension, and the violations in Count II relate to his paying himself fees in probate actions without first receiving court approval.

{¶ 3}  The parties submitted stipulations and joint exhibits and waived a formal hearing on this matter.  Shaw stipulated to numerous facts and to having committed multiple violations of both the Rules of Professional Conduct and the Code of Professional Responsibility.[1]  He also stipulated that a sanction of indefinite suspension was appropriate.  A panel of the Board of Commissioners on Grievances and Discipline accepted the parties' stipulations of fact and misconduct but found two additional aggravating factors.  The panel recommended that Shaw be suspended from the practice of law indefinitely.  The board adopted the panel's findings of fact and misconduct and its recommended sanction of an indefinite suspension from the practice of law.  After reviewing the record, we adopt the board's findings of fact and misconduct, but we reject the recommended sanction.  The circumstances here require Shaw's permanent disbarment.

**Misconduct**

*Count I—Practicing law while under suspension*

Mildred Patterson

{¶ 4}  In March 2011, Mildred Patterson and her son met with her financial advisor, David Gollner, and Shaw at Gollner's office.  The purpose of the meeting was to introduce Patterson to Shaw so that Shaw could provide her with legal services.  Shaw's license to practice law was under suspension at that time, yet he failed to advise either Gollner or Patterson of that suspension at that meeting or any time thereafter.  Shaw drafted a quitclaim deed for Patterson and notarized her signature.  Shaw's notary stamp identified him as an attorney,

---

1. The Rules of Professional Conduct became effective February 1, 2007, superseding the Code of Professional Responsibility, and some of the violations in Count II occurred prior to that time.

indicated that his notary commission had no expiration, and referred to R.C. 147.03, which requires that an attorney be in good standing in order to maintain a valid notary commission.

### Myra and Joseph Stanley

{¶ 5}   Financial advisor Sherri Marini referred Myra and Joseph Stanley to Shaw in July 2010 because they needed assistance in transferring land to their son.   At that meeting, Shaw, who at this time was not under suspension, convinced the Stanleys to hire him to provide estate-planning services.   In July 2010, Shaw drafted a number of estate-planning documents for the Stanleys, for which he was paid $2,500.   In October or November 2010, Shaw met with the Stanleys at their request to deliver copies of the powers of attorney and living wills that he had prepared for them.   He did not advise them at that meeting that his law license had been suspended in September.   At that meeting, Shaw gave the Stanleys advice about a traffic ticket they had received, and he notarized Mrs. Stanley's signature on a form used to contest the ticket.

### Eva Rosian

{¶ 6}   In December 2010, Gollner, who still did not know that Shaw's license had been suspended, referred Eva Rosian to Shaw for legal services. Gollner introduced Shaw as an attorney, and Shaw did not correct this inaccurate statement, nor did he advise Rosian of his suspension at any subsequent time. Rosian paid Shaw $2,950 for his services.

### Clara DeVito

{¶ 7}   In May 2010, Marini referred Clara DeVito to Shaw for legal services, and Shaw was introduced as an attorney.   Although at this time Shaw's license was not suspended, after September 23, 2010, he failed to advise either Clara DeVito or Marini that his law license had been suspended.   In November 2010, Gollner, who works with Marini, sent Shaw an e-mail regarding changes that needed to be made to the DeVito asset-protection plan.   Shaw responded by

e-mail, and his signature block identified him as "Kenneth N. Shaw, Esq."; thus, he was holding himself out as an attorney while his license was under suspension.

*Count II—Accepting payment from estate without*

*first obtaining court approval*

Garner Estate

**{¶ 8}** Shaw served as legal counsel for the executor of the estate of Warren Garner in Trumbull County. Pursuant to the local probate rules, court approval is required prior to the payment of any attorney fees. On October 30, 2008, Shaw filed the final account and a motion for approval of attorney fees. The accounting showed that Shaw had previously paid himself $1,100, although he had not obtained prior court approval for payment of this fee. In November, the court ultimately approved only $930 in attorney fees. At the time that the stipulations were filed in this matter in May 2013, Shaw had not yet reimbursed the estate for the $170 difference.

Mazarik Estate

**{¶ 9}** Shaw was legal counsel for Marcia Needham, who served as the initial executor of the estate of John Mazarik in Trumbull County. Needham terminated Shaw's representation in February 2008 and notified the probate court accordingly. In October 2008, the probate court appointed Marty Nosich as successor executor. Pursuant to court order, Nosich subsequently sought information from Shaw about attorney fees that had been paid without court approval. Nosich received a letter from Shaw admitting that he had been paid attorney fees but stating that all the fees had been earned. Because Shaw had taken the fees without the court approval required by the probate court's local rules, the court instructed him to return the funds immediately to the fiduciary. Shaw did not have the money, so the court accepted Shaw's proposed payment plan. Although the July 2011 plan called for Shaw to repay the $2,050 at the rate of $200 per month, as of May 2013, Shaw had made only one payment of $100.

4

**{¶ 10}** Regarding Count I, the parties stipulated and the board found that Shaw violated Prof.Cond.R. 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) and Gov.Bar R. V(8)(E) (requiring a suspended lawyer to notify all clients being represented in pending matters of his suspension and consequent disqualification to act as an attorney after the effective date of the order). Regarding Count II, the parties stipulated and the board found that Shaw had violated Prof.Cond.R. 3.4(c) (prohibiting a lawyer from knowingly disobeying an obligation under the rules of a tribunal), 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 8.4(h) and, for those acts that occurred prior to February 1, 2007, DR 1-102(A)(5) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), 1-102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), and 7-106(A) (prohibiting a lawyer from disregarding a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding).

**Sanction**

**{¶ 11}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 12}** Aggravating factors stipulated by the parties and found by the board are Shaw's prior disciplinary offenses and a pattern of misconduct. *See*

BCGD Proc.Reg. 10(B)(1)(a) and (c). Based on the stipulated facts, the panel and board found the additional aggravating factors that Shaw's actions caused harm to vulnerable clients and that, although relator withdrew the charge of a violation of Prof.Cond.R. 8.4(c) (prohibiting an attorney from committing an illegal act that reflects adversely on the attorney's honesty or trustworthiness), Shaw acted with a dishonest and selfish motive. *See* BCGD Proc.Reg. 10(B)(1)(h) and (b). We adopt the board's findings regarding aggravating factors but also add the factors that Shaw committed multiple offenses and failed to make restitution. *See* BCGD Proc.Reg. 10(B)(1)(d) and (i). In mitigation, the parties stipulated, the board found, and we agree that Shaw cooperated with relator's investigation and the subsequent disciplinary proceedings against him. *See* BCGD Proc.Reg. 10(B)(2)(d).

{¶ 13} We have stated that "[t]he normal penalty for continuing to practice law while under suspension is disbarment." *Disciplinary Counsel v. Mbakpuo*, 98 Ohio St.3d 177, 2002-Ohio-7087, 781 N.E.2d 208, ¶ 13, and *Disciplinary Counsel v. Allison*, 98 Ohio St.3d 322, 2003-Ohio-776, 784 N.E.2d 695, ¶ 12. Given Shaw's misconduct and the aggravating factors in this case, which include that he was previously disciplined for serious misconduct, Shaw's lone mitigating factor does not justify a departure from the presumption in favor of disbarment. Accordingly, Kenneth Norman Shaw is permanently disbarred from the practice of law in the state of Ohio. Costs are taxed to Shaw.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Kenneth Norman Shaw, pro se.

_____