**2009-1199. Columbus Bar Assn. v. Allerding.**

On October 29, 2009, this court suspended respondent, Michael Paul Allerding, for a period of two years, with the entire two years stayed on conditions, and ordered him to pay board costs in the amount of $4,148.12, on or before January 27, 2010. On August 4, 2010, this court issued an order to show cause why he should not be held in contempt for failing to comply with the court's order. Respondent did not file a response to the show cause order and board costs, publication costs and accrued interest remain unpaid. Upon consideration thereof,

It is ordered that respondent, Michael Paul Allerding, Attorney Registration No. 0025854, last known business address in Columbus, Ohio, is found in contempt for failure to comply with the court's October 29, 2009, order. It is further ordered that the stay is revoked and respondent is suspended until board costs, publication costs and accrued interest are paid in full. If costs plus interest are not paid within 90 days, the matter will be referred to the Attorney General for collection.

It is further ordered that the respondent immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency or other public authority.

It is further ordered that respondent is hereby forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

It is further ordered that the respondent is hereby divested of each, any, and all of the rights, privileges and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, the respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(8)(G)(3). If employed pursuant to Gov.Bar R. V(8)(G), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(8)(G)(1), and from receiving, disbursing, or otherwise handling any client trust funds or property.

It is further ordered that, pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(A)(1), for each six months, or portion of six months, of the suspension.

It is further ordered, sua sponte, by the court, that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of such award.

It is further ordered that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio; (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; (3) respondent complies with this and all other orders of the court; and (4) this court orders respondent reinstated.

It is further ordered that on or before 30 days from the date of this order, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of respondent's disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the respondent may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

It is further ordered that on or before 30 days of the date of this order respondent shall surrender the attorney registration card for the 2009/2011 biennium.

It is further ordered that respondent shall keep the clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

It is further ordered, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings. All documents are subject to Rules 44 through 47 of the Rules of Superintendence for the Courts of Ohio which govern access to court records.

It is further ordered, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to respondent's last known address.

It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

## MISCELLANEOUS DISMISSALS