**AKRON BAR ASSOCIATION *v*. WITTBROD**.

**[Cite as *Akron Bar Assn. v. Wittbrod*, 130 Ohio St.3d 72, 2011-Ohio-4706.]**

*Attorneys—Misconduct—Multiple violations of Rules of Professional Conduct, including neglecting an entrusted legal matter and failing to cooperate in a disciplinary investigation—Indefinite suspension, with credit for time served.*

(No. 2010-0668—Submitted June 21, 2011—Decided September 21, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-009.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Harry Wittbrod, whose last known address is in Cuyahoga Falls, Ohio, Attorney Registration No. 0066021, was admitted to the practice of law in Ohio in 1996.

**{¶ 2}** In July 2009, we suspended his license to practice law in Ohio for six months, and stayed the entire suspension on conditions, for violating DR 1-104(A) and (B) (requiring a lawyer to disclose to the client that the lawyer lacks professional-liability insurance and to maintain a copy of the written notice signed by each client for five years after termination of the representation) and 6-102 (prohibiting a lawyer from attempting to exonerate himself from or limit his liability to a client for malpractice) and Prof.Cond.R. 1.8(h)(2) (prohibiting a lawyer from settling a claim for malpractice unless certain requirements are met). *Akron Bar Assn. v. Wittbrod*, 122 Ohio St.3d 394, 2009-Ohio-3549, 911 N.E.2d 901. In November 2009, we imposed an attorney-registration suspension for failure to file a certificate of registration and pay applicable fees on or before September 1, 2009, in accordance with Gov.Bar R. VI. *In re Attorney*

*Registration Suspension of Wittbrod*, 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256. And on February 3, 2010, we revoked the stay of respondent's previous suspension upon finding him in contempt of our prior order. 124 Ohio St.3d 1465, 2010-Ohio-341, 920 N.E.2d 991.

{¶ 3} On May 18, 2009, relator, Akron Bar Association, filed an amended complaint charging respondent with three counts of professional misconduct.[1] Respondent was served with a copy of the complaint but did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion, making findings of misconduct and recommending that respondent be suspended from the practice of law for six months, this suspension to be served consecutively to the suspension imposed by this court in February 2010. The board, however, recommended that we indefinitely suspend respondent based upon his indifference to the disciplinary sanctions and his failure to cooperate, but credit him for time served for his prior disciplinary offenses.

{¶ 4} On December 6, 2010, we remanded this cause to the board for supplementation of the record in accordance with the evidentiary standard set forth in Gov.Bar R. V(6)(F)(1)(b).

{¶ 5} On February 14, 2011, and March 31, 2011, relator submitted supplemental materials in support of its motion for default. Satisfied that those materials met the standard set forth in Gov.Bar R. V(6)(F)(1)(b), the master commissioner reiterated the prior findings of fact and misconduct but recommended that respondent be indefinitely suspended from the practice of law

---

1. Relator charged respondent with misconduct pursuant to applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which superseded the Code of Professional Responsibility.

in Ohio with credit for time served pursuant to his prior disciplinary sanction. The board adopted that report in its entirety, as do we.

## Misconduct

### Count One

{¶ 6} In December 2005, a client retained respondent to represent him in a tort action following an automobile accident. The parties reached a settlement in December 2006, and respondent was to keep $4,044.47 in escrow to pay the client's medical bills, although there is no evidence that he has done so. Respondent did not return the client's telephone calls, and on April 29, 2008, the client learned that respondent had closed his office without leaving a forwarding address. Respondent did not maintain malpractice insurance and failed to advise the client and obtain his written acknowledgment of that fact.

{¶ 7} The board found by clear and convincing evidence that respondent's conduct violated DR 1-104(A) and (B) and Prof.Cond.R. 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional-liability insurance), DR 6-101(A)(3) and Prof.Cond.R. 1.3 (prohibiting neglect of an entrusted legal matter), and Gov.Bar R. V(4)(G) and Prof.Cond.R. 8.1(b) (both requiring a lawyer to cooperate with a disciplinary investigation). Based upon a lack of sufficient evidence, however, the board dismissed alleged violations of DR 9-102(A) and (B) and Prof.Cond.R. 1.15 (requiring a lawyer to hold client funds separate from the lawyer's own and to maintain complete records of all client property in the lawyer's possession). We accept these findings of fact and misconduct.

### Count Two

{¶ 8} In June 2004, a woman retained respondent to file a bankruptcy proceeding on behalf of her and her husband. After respondent filed a Chapter 13 bankruptcy petition on the couple's behalf, the husband lost his job, and the couple fell behind in their Chapter 13 payments, although they continued to make

their mortgage payments. A dispute arose over those mortgage payments, and in June 2008, respondent advised the clients that the mortgage company had returned their payments of approximately $5,000. Respondent did not return those funds to the clients or provide an accounting. He ceased communication with the clients, and as a result of his inaction, they were forced to sell their house at a substantial loss in order to avoid foreclosure. And although the board did not make a finding to this effect, the woman's affidavit demonstrates that respondent failed to advise her that he did not maintain malpractice insurance.

{¶ 9} The board concluded that this conduct violated DR 1-104(A) and (B) and Prof.Cond.R. 1.4(c), DR 6-101(A)(1) (prohibiting a lawyer from handling a matter that he is not competent to handle without obtaining assistance from a lawyer who is competent to handle it), DR 6-101(A)(3) and Prof.Cond.R. 1.3, and Gov.Bar R. V(4)(G) and Prof.Cond.R. 8.1(b). As in Count One, the board dismissed alleged violations of DR 9-102(A) and (B) and Prof.Cond.R. 1.15 for insufficient evidence. We accept these findings of fact and misconduct.

*Count Three*

{¶ 10} In October 2007, a client retained respondent to represent her in a bankruptcy proceeding. The client advised him that she wanted to reaffirm the debt on her automobile lease to protect a cosigner's credit rating. Despite respondent's repeated assurances that the lease had been reaffirmed, respondent later informed her that it had been charged off by the bank. Respondent ignored the client's efforts to communicate with him, and the bank eventually repossessed the car. And although the board did not make a finding to this effect, the client's affidavit demonstrates that respondent failed to advise her that he did not maintain malpractice insurance.

{¶ 11} The board concluded, and we agree, that respondent's conduct with respect to Count Three violated Prof.Cond.R. 1.1 (requiring a lawyer to provide

competent representation to a client), 1.3, 1.4(c), and 8.1(b) and Gov.Bar R. V(4)(G).

**Sanction**

**{¶ 12}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 13}** There is no evidence of any mitigating factors in this case, although the board noted that respondent's earlier disciplinary sanction had been stayed on conditions, including compliance with an Ohio Lawyers Assistance Program contract.

**{¶ 14}** The board found in aggravation, however, that respondent had been previously sanctioned for similar incidents of professional misconduct and that based upon his failure to comply with that previous order, this court had found him in contempt and revoked the stay of his earlier six-month suspension. See BCGD Proc.Reg. 10(B)(1)(a). Respondent also engaged in a pattern of misconduct involving multiple offenses and failed to cooperate in the disciplinary process, and there is no evidence that he has made restitution to the client harmed by his conduct. See BCGD Proc.Reg. 10(B)(1)(c), (d), (e), (h), and (i). The board concluded that respondent's conduct demonstrates a complete lack of remorse or acceptance of responsibility as well as a complete disregard for the disciplinary system and the profession.

**{¶ 15}** Relator argued in favor of an indefinite suspension for respondent's misconduct. The board observed that "Respondent was not entirely candid with this Board or the Supreme Court in submitting stipulated misconduct and a recommended sanction of leniency in the first disciplinary matter when he had knowledge of the transactions that are the subject of the present Complaint." Citing respondent's indifference to his prior disciplinary sanctions, his complete lack of remorse or acceptance of responsibility for his conduct, and his failure to cooperate in this disciplinary proceeding, the board recommends that respondent be indefinitely suspended from the practice of law in Ohio but that he receive credit for time served for his prior disciplinary offenses.

**{¶ 16}** We have previously recognized that neglect of an entrusted legal matter coupled with a failure to cooperate in the ensuing disciplinary investigation warrants an indefinite suspension. See, e.g., *Disciplinary Counsel v. Hoff*, 124 Ohio St.3d 269, 2010-Ohio-136, 921 N.E.2d 636, ¶ 10; *Cleveland Bar Assn. v. Davis*, 121 Ohio St.3d 337, 2009-Ohio-764, 904 N.E.2d 517, ¶ 17; *Disciplinary Counsel v. Mathewson*, 113 Ohio St.3d 365, 2007-Ohio-2076, 865 N.E.2d 891, ¶ 19.

**{¶ 17}** Having reviewed the record, weighed the aggravating and mitigating factors, and considered the sanctions imposed for comparable conduct, we adopt the board's recommended sanction.

**{¶ 18}** Accordingly, Harry Wittbrod is indefinitely suspended from the practice of law in the state of Ohio, with credit for time served pursuant to *Akron Bar Assn. v. Wittbrod*, 124 Ohio St.3d 1465, 2010-Ohio-341, 920 N.E.2d 991.

**{¶ 19}** Costs are taxed to respondent.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

O'CONNOR, C.J., concurs with the sanction but would not give credit for time served under the prior suspension.

_____

Joseph S. Kodish, Kathryn A. Belfance, and Stephen A. Fallis, for relator.

_____