DISCIPLINARY COUNSEL *v.* FLETCHER.

[Cite as *Disciplinary Counsel v. Fletcher,* 135 Ohio St.3d 404,

2013-Ohio-1510.]

*Attorneys—Misconduct—Practicing law while license under suspension—*
*Permanent disbarment.*

(No. 2012-1695—Submitted January 23, 2013—Decided April 18, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 11-071.

_____

**Per Curiam**.

{¶ 1} Respondent, Peter F. Fletcher of Northfield, Ohio, Attorney Registration No. 0030992, was admitted to the practice of law in Ohio in 1982.[1] On July 22, 2009, based on findings that Fletcher had misused his client trust account and provided financial assistance to a client, we suspended Fletcher's license to practice law in Ohio for six months, but we stayed the entire suspension on the conditions that he engage in no further misconduct and complete a one-year period of monitored probation. *Disciplinary Counsel v. Fletcher*, 122 Ohio St.3d 390, 2009-Ohio-3480, 911 N.E.2d 897. Fletcher failed to respond to this court's order that he show cause why he should not be held in contempt for his failure to timely pay the costs of that proceeding, and on September 22, 2010, we revoked the stay and imposed an actual suspension from the practice of law. *Disciplinary Counsel v. Fletcher*, 126 Ohio St.3d 1566, 2010-Ohio-4443, 933 N.E.2d 1108. Although Fletcher paid the court costs and accrued interest on

_____

1. Fletcher testified that he is also licensed to practice law in Connecticut, the United States District Court for the Northern District of Ohio, and the United States Court of Appeals for the Sixth Circuit.

December 16, 2010, he has failed to file an affidavit of compliance as required by the September 2010 order, and he has never filed an application for reinstatement. Thus, his suspension remains in effect.

{¶ 2} In an August 15, 2011 complaint, relator, disciplinary counsel, charged Fletcher with continuing to practice law in two client matters and commencing representation in a third matter while his license was suspended. In an April 2012 amendment, relator alleged that Fletcher had undertaken the representation of a fourth client while his license was under suspension.

{¶ 3} Having considered the parties' stipulations of fact and misconduct, the stipulated exhibits, and Fletcher's testimony at the hearing, a panel of the Board of Commissioners on Grievances and Discipline recommended that we permanently disbar Fletcher from the practice of law in Ohio. The board adopted the panel's findings of fact and misconduct, as well as its recommended sanction. Because we find that Fletcher has violated this court's September 22, 2010 order suspending his license to practice law by continuing to practice law, by failing to notify his clients, opposing counsel, and the courts of his disqualification, and by failing to submit an affidavit attesting to his compliance with our order, we adopt the board's findings of fact and misconduct and permanently disbar Fletcher from the practice of law in Ohio.

## Misconduct

{¶ 4} Although Fletcher's license to practice law in Ohio has been continuously suspended since September 22, 2010, he failed to advise his clients, opposing counsel, or the courts of that suspension. He stipulated that he continued to represent two existing clients and began to represent two additional clients during that suspension. He identified himself as an attorney, counseled these clients, appeared and represented them in court, and filed documents on their behalf from approximately November 2010 through late February 2012.

**{¶ 5}** On these facts, the parties stipulated and the board found that Fletcher violated Prof.Cond.R. 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

**{¶ 6}** The parties also stipulated and the board found that Fletcher had falsely advised a client that a hearing had been canceled and instructed her not to appear in court. The client disregarded his instruction and appeared at the hearing without counsel, and her spousal-support payments were reduced from $375 to $75 per month. When he was confronted by the client, who had learned of his suspension, Fletcher told her that the suspension would be resolved in 30 days. But he stopped litigating her case, though he did not formally withdraw from the representation for an additional two weeks. The parties stipulated and the board found that Fletcher violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client) and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). Fletcher also violated Prof.Cond.R. 8.1(a) (prohibiting knowingly making a false statement of material fact in connection with a disciplinary matter) by falsely testifying at his March 2011 deposition that he had not represented any clients in 2011, when in fact he had appeared at a plea hearing on behalf of a client in juvenile court just days earlier.

**{¶ 7}** We adopt these findings of fact and misconduct.

### Sanction

**{¶ 8}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio

St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 9} Aggravating factors stipulated by the parties and found by the board include Fletcher's prior disciplinary offense and his pattern of misconduct involving multiple offenses. *See* BCGD Proc.Reg. 10(B)(1)(a), (c), and (d). In mitigation, the parties stipulated and the board agreed that Fletcher timely made restitution to the clients affected by his misconduct and exhibited a cooperative attitude toward the disciplinary proceedings. *See* BCGD Proc.Reg. 10(B)(2)(c) and (d).

{¶ 10} The board has noted that disbarment is the presumptive sanction for continuing to practice law while under suspension. *See, e.g.*, *Disciplinary Counsel v. Sabroff*, 123 Ohio St.3d 182, 2009-Ohio-4205, 915 N.E.2d 307, ¶ 21; *Disciplinary Counsel v. Frazier*, 110 Ohio St.3d 288, 2006-Ohio-4481, 853 N.E.2d 295, ¶ 54; *Disciplinary Counsel v. Allison*, 98 Ohio St.3d 322, 2003-Ohio-776, 784 N.E.2d 695, ¶ 12. While acknowledging that Fletcher cooperated in relator's investigation and made timely restitution to his clients, the board has determined that those mitigating factors do not justify a departure from the presumptive sanction. Fletcher has not objected to the board's recommendation.

{¶ 11} Having reviewed the record, including Fletcher's misconduct as well as the aggravating and mitigating factors present in this case, and having considered the sanctions imposed for comparable misconduct, we agree with the board's analysis, and we adopt its findings of fact and misconduct as well as its recommended sanction.

{¶ 12} Accordingly, Peter F. Fletcher is permanently disbarred from the practice of law in Ohio. Costs are taxed to Fletcher.

Judgment accordingly.

O'Connor, C.J., and Pfeifer, O'Donnell, Lanzinger, Kennedy, French, and O'Neill, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Philip A. King, Assistant Disciplinary Counsel, for relator.

Peter F. Fletcher, pro se.

_____