TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-000614-KB

FINAL

DATE 3-3-15 EwAGrauM DC.

KENTUCKY BAR ASSOCIATION                                      MOVANT

V.                              IN SUPREME COURT

ROBERT H. HOSKINS                                         RESPONDENT

## OPINION AND ORDER

Robert H. Hoskins, KBA No. 87199, was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 1998; and his bar roster address is listed as 1040 Richwood Avenue, Cincinnati, Ohio 45208. The Board of Governors (Board) unanimously found Hoskins guilty of violating SCR 3.130-1.3 (two counts), SCR 3.130-1.4(a)(3) & (4), SCR 3.130-1.16(d), SCR 3.130-8.1(b), and SCR 3.130-1.15(b). For these violations, the Board unanimously recommends Hoskins: (1) be suspended from the practice of law for sixty days; (2) pay restitution to his former clients in the amount of $1,275.00; (3) attend the Ethics and Professionalism Enhancement Program (EPEP); and (4) pay all associated costs. Neither party filed a notice of review with this Court. For the following reasons, we adopt the Board's recommendation.

# I. BACKGROUND.

This case concerns two separate complaints to the Kentucky Bar Association (KBA). The two complaints are the first disciplinary actions that have been filed against Hoskins.

## A. KBA File No. 22327.

On June 26, 2013, Scott and Ann Games retained Hoskins to represent them in an uncontested divorce action, for which they paid him an advanced fee of $1,275.00. Over the following sixty days, the Gameses attempted to contact Hoskins numerous times without any response. Hoskins also failed to appear for an appointment to complete the necessary paperwork to move the divorce proceeding forward. So the Gameses asked Hoskins for a full refund, but he never responded to them. An Inquiry Commission complaint was issued against Hoskins on December 3, 2013. Notification of the complaint was sent to Hoskins's bar roster address via certified mail, but the notification was returned and marked "Unclaimed-Unable to Forward." On January 13, 2014, service was made on the Executive Director of the KBA pursuant to SCR 3.175. Hoskins failed to file a response to the complaint.

## B. KBA File No. 22449.

On August 9, 2013, an order was entered against Walter Smith in Kenton Family Court. Smith retained Hoskins to represent him in an appeal of the order. Smith paid Hoskins an advanced fee of $1,500.00 for the representation. Hoskins filed a notice of appeal on September 4, 2013; but the notice incorrectly stated that the appeal was from a July 9, 2013, order. In

2

September 2013, a dispute arose between Smith and Hoskins regarding the attorney/client relationship. However, Hoskins did not take steps to withdraw as Smith's counsel. On September 25, 2013, the Kentucky Court of Appeals issued a Show Cause Order to Hoskins, as attorney for Smith, asking him to explain why the appeal should not be dismissed for failure timely to file a notice of appeal. No response to the order was filed, and the appeal was dismissed on November 12, 2013. Subsequently, Smith asked Hoskins for a refund of any unearned portion of the advanced fee payment. Without providing an accounting of the fee payment, Hoskins responded that it had already been exhausted.

On December 9, 2013, Smith filed a complaint against Hoskins to the KBA. Hoskins received a copy of the complaint and signed the certified mail restricted delivery receipt at his bar roster address on January 15, 2014. He filed a response to the complaint on January 29, 2014. On March 5, 2014, the Office of Bar Counsel (OBC) requested additional information from Hoskins; but Hoskins did not respond.

## II. CHARGES.

In the first case, KBA File No. 22327, the Inquiry Commission (Commission) issued a charge against Hoskins alleging four counts: (1) Count I charges Hoskins with violating SCR 3.130-1.3,[1] (2) Count II charges Hoskins

---

[1] SCR 3.130-1.3 provides, in pertinent part, that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." The Commission charges that Hoskins violated this rule by failing diligently to provide the agreed-upon legal services for the Gameses.

3

with violating SCR 3.130-1.4(a)(4),[2] (3) Count III charges Hoskins with violating SCR 3.130-1.16(d),[3] and (4) Count IV charges Hoskins with violating SCR 3.130-8.1(b).[4]

In the second case, KBA File No. 22449, the Commission issued a charge against Hoskins alleging five counts: (1) Count I charges Hoskins with violating SCR 3.130-1.3,[5] (2) Count II charges Hoskins with violating SCR 3.130-1.4(a)(3),[6] (3) Count III charges Hoskins with violating SCR 3.130-1.15(a),[7] (4) Count IV charges Hoskins with violating SCR 3.130-1.15(b),[8] and (5) Count V charges Hoskins with violating SCR 3.130-16(d).[9]

---

[2] SCR 3.130-1.4(a)(4) provides that "[a] lawyer shall promptly reply with reasonable requests for information." The Commission charges that Hoskins violated this rule by failing to respond to the Gameses' requests for information.

[3] SCR 3.130-1.16(d) provides that:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred.

The Commission charges that Hoskins violated this rule by abandoning the representation without notice to the Gameses and by failing to refund any unearned portion of the fee upon termination of the representation.

[4] SCR 3.130-8.1(b) states, in part, that in connection with a disciplinary matter, a lawyer shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority." The Commission charges that Hoskins was in violation of this rule by failing to respond to the Bar Complaint.

[5] The Commission charges that Hoskins violated this rule by failing diligently to address the Show Cause Order with the Court of Appeals.

[6] SCR 3.130-1.4(a)(3) provides that "[a] lawyer shall keep the client reasonably informed about the status of the matter." The Commission charges that Hoskins violated this rule by failing to keep Smith reasonably informed about the status of his case.

[7] SCR 3.130-1.15(a) provides, in pertinent part, that "[a] lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property." The Commission charges

4

## III. BOARD'S RECOMMENDATION.

In KBA File No. 22327, the Board voted 17 to 0 to find Hoskins guilty of all charges. In KBA File No. 22449, the Board voted 17 to 0 to find Hoskins guilty of Counts I, II, and IV and voted 11 to 6 to find Hoskins not guilty of Counts III and V. Thereafter, the seventeen members of the Board unanimously recommended that Hoskins: (1) be suspended from the practice of law for sixty days; (2) pay restitution to the Gameses in the amount of $1,275.00; (3) attend the Ethics and Professionalism Enhancement Program (EPEP); and (4) pay all associated costs.

## IV. ADOPTION OF BOARD'S RECOMMENDATION.

Pursuant to SCR 3.370(9),[10] this Court adopts the unanimous recommendation of the Board given: (1) the significance of Hoskins's violations and (2) the fact that aside from filing an initial response in one of the cases, he

---

that Hoskins violated this rule by failing to place the advance fee payment into his escrow account until earned.

[8] SCR 3.130-1.15(b) provides that:

> Upon receiving funds or other property in which a client has an interest, a lawyer shall promptly notify the client. Except as stated in this Rule or otherwise permitted by law or by agreement with the client a lawyer shall promptly deliver to the client any funds or other property that the client is entitled to receive and, upon request by the client, shall promptly render a full accounting regarding such property.

The Commission charges that Hoskins violated this rule by failing to render a full accounting regarding the advance fee payment.

[9] The Commission charges that Hoskins violated this rule by failing to refund to Smith any portion of the unearned fee at the termination of the representation.

[10] SCR 3.370(9) provides that "[i]f no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."

5

has failed to respond to any correspondence. *See Kentucky Bar Association v. Bryant*, 318 S.W.3d 96 (Ky. 2010) (adopting the recommendation of the Board of Governors of a sixty-day suspension for failing to keep client informed, failing to make required filings, and failing to respond to discovery); *Rampulla v. Kentucky Bar Association*, 17 S.W.3d 895 (Ky. 2000) (holding that a sixty-day suspension was warranted when two separate KBA complaints were at issue and the attorney had failed to represent clients in diligent manner, to keep them reasonably informed about status of matters, to explain matters to clients to extent reasonably necessary for clients to make informed decisions regarding cases, and to promptly return unearned portion of fee). Agreeing that the Board's recommended sanction is appropriate, the Court ORDERS as follows:

1) Hoskins is found guilty of the above-described and admitted violations of the Rules of Professional Conduct and, thus, suspended from the practice of law for sixty days; and

2) Hoskins will attend, at his expense, the next scheduled EPEP offered by the OBC, separate and apart from his fulfillment of any other continuing education requirement, within twelve (12) months following the entry of this Court's order approving the motion. Hoskins will not apply for CLE credit of any kind for this program. He will furnish a release and waiver to the OBC to review his records in the CLE department that might otherwise be confidential, such release to continue in effect until one year after he completes

EPEP in order to allow the OBC to verify that he has not reported any such hours to the CLE Commission; and

3) Hoskins is ordered to pay restitution in the amount of $1,275.00 to Scott and Ann Games; and

4) In accordance with SCR 3.450, Hoskins is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $652.05, for which execution may issue from this Court upon finality of this Opinion and Order.

Minton, C.J.; Abramson, Cunningham, Keller, Noble, and Venters, JJ., sitting. All concur.

ENTERED: February 19, 2015.

_____
CHIEF JUSTICE