CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* BROWN.

[Cite as *Cleveland Metro. Bar Assn. v. Brown,*
143 Ohio St.3d 333, 2015-Ohio-2344.]

(No. 2013–1885—Submitted January 14, 2015—Decided June 17, 2015.)

**Per Curiam.**

{¶ 1} Respondent, Shawn Javon Brown of Cleveland, Ohio, Attorney Registration No. 0079331, was admitted to the practice of law in Ohio in 2005. In November 2009, we suspended Brown for his failure to register for the 2009/2011 biennium. *In re Attorney Registration Suspension of Brown,* 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256. On October 13, 2011, we indefinitely suspended him from the practice of law based on his neglect of three separate client matters, his failure to reasonably communicate with those clients, his failure to promptly deliver funds that those clients were entitled to receive, and his conduct involving dishonesty, fraud, deceit, or misrepresentation. *Cleveland Metro. Bar Assn. v. Brown,* 130 Ohio St.3d 147, 2011-Ohio-5198, 956 N.E.2d 296. And on January 8, 2014, we imposed an interim default suspension pursuant to Gov.Bar R. V(6a)(B)(1) for his failure to answer an eight-count complaint alleging that he continued to practice law while his license was under suspension and then failed to cooperate in the ensuing disciplinary investigation. *Cleveland Metro. Bar Assn. v. Brown,* 138 Ohio St.3d 1219, 2014-Ohio-14, 3 N.E.3d 1203.

{¶ 2} Relator, Cleveland Metropolitan Bar Association, timely moved this court to remand the case to the Board of Commissioners on Grievances and Discipline [1] in order to pursue Brown's permanent disbarment, and we granted the motion in June 2014. *See* Gov.Bar R. V(6a)(D). Relator then moved for default, and the matter was referred to a master commissioner for disposition. *See* Gov.Bar R. V(6a)(F).

{¶ 3} The master commissioner found that relator had proved many of the charged violations by clear and convincing evidence but recommended that 13

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

alleged violations be dismissed based on the insufficiency of relator's sworn evidence. Based upon findings that Brown had continued to practice law while his license was under suspension and had shown a complete disregard of the disciplinary process, the master commissioner recommended that Brown be permanently disbarred. The board adopted the master commissioner's findings of fact and misconduct and agreed that permanent disbarment is the appropriate sanction in this case.

{¶ 4} We adopt the board's findings of fact and misconduct and permanently disbar Brown from the practice of law in Ohio.

## Misconduct

### Counts I through IV, VI, and VII—Practicing While Under Suspension

{¶ 5} From January through August 2012, Brown continued to practice law while his law license was indefinitely suspended. He filed notices of appearance and various motions in four cases pending in various common pleas and municipal courts in northern Ohio and actually appeared before the courts to represent clients in four cases. One of the clients had paid Brown $200 toward a negotiated flat fee of $800 to defend her in her pending OVI case.

{¶ 6} On these facts, the board found that Brown had committed six violations of Prof.Cond.R. 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction), six violations of Prof.Cond.R. 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), six violations of Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), and a single violation of Prof.Cond.R. 1.5(a)(1) (prohibiting a lawyer from making an agreement for, charging, or collecting an illegal or clearly excessive fee).

{¶ 7} Finding that relator's evidence was insufficient to prove that Brown had committed additional charged violations, the board recommended that we dismiss three alleged violations of Prof.Cond.R. 1.3, three alleged violations of Prof. Cond.R. 1.5(a), and six alleged violations of Prof.Cond.R. 8.4(c) set forth in these counts.

{¶ 8} We adopt the board's findings of fact and misconduct with respect to these counts, and, consistent with the board's recommendation, we hereby dismiss three alleged violations of Prof.Cond.R. 1.3, three alleged violations of Prof.Cond.R. 1.5(a), and six alleged violations of Prof.Cond.R. 8.4(c) as recommended by the board.

### Count V—Neglect of Client Matter and Clearly Excessive Fee

{¶ 9} Deborah A. Broski met with Brown and paid him a $550 retainer to transfer her late mother's interest in real estate to her father. Brown promised to complete the work within 30 days. Broski contacted Brown after 30 days had elapsed, and he advised her that he had the new deed and would deliver it to her. After Brown failed to deliver the deed as promised, Broski searched the Internet and discovered that his license had been suspended. Brown has done nothing to effectuate the transfer of the real property and has failed to refund Broski's fee.

{¶ 10} The board found that Brown's conduct in this matter violated Prof. Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.5(a), 5.5(a), 8.4(d), and 8.4(h), but recommends that we dismiss an alleged violation of Prof.Cond.R. 8.4(c). We adopt the board's findings of fact, accept the board's recommendation as to the violations of Prof.Cond.R. 1.3, 1.5(a), 8.4(d), and 8.4(h), and dismiss the alleged violation of Prof.Cond.R. 8.4(c).

### Count VIII—Failure to Cooperate

{¶ 11} During the investigation of the grievances against Brown, relator made at least 14 attempts to contact Brown in person, by mail, and by telephone. At least one letter sent by certified mail was signed for, and several letters sent by ordinary mail were not returned by the postal service. On October 6, 2012, Brown was personally served with a package from relator that contained copies of all of the grievances and correspondence from relator that requested his written response to the allegations. He did not respond to relator's inquiry.

{¶ 12} On these facts, the board found that Brown violated Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation) and Prof. Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation). We adopt these findings of fact and misconduct.

### Sanction

{¶ 13} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli,* 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc. Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.[2]

---

2. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B)(1) and (2) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

{¶ 14} As aggravating factors, the board found that Brown has been previously disciplined by this court, has engaged in a pattern of misconduct involving multiple offenses, has failed to cooperate in the disciplinary process, and has caused harm to vulnerable victims. *See* BCGD Proc.Reg. 10(B)(1)(a), (c), (d), (e), and (h). No mitigating factors appear.

{¶ 15} The board found that Brown continued to practice law on numerous occasions after his license had been suspended and that he totally disregarded his obligations under Ohio's attorney-disciplinary system. Noting that our precedent provides that disbarment is the presumptive sanction for an attorney who continues to practice law while under suspension, the board recommends that we permanently disbar Brown. *See, e.g., Disciplinary Counsel v. Fletcher*, 135 Ohio St.3d 404, 2013-Ohio-1510, 987 N.E.2d 678, ¶ 10.

{¶ 16} We agree that Brown's continued practice of law, despite his indefinite suspension from the practice, and his failure to cooperate in the ensuing disciplinary investigation warrant permanent disbarment.

{¶ 17} Accordingly, we permanently disbar Shawn Javon Brown from the practice of law in Ohio. Costs are taxed to Brown.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

———————————

Andrew C. Geronimo, K. Ann Zimmerman, and Heather M. Zirke, for relator.