**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Hoskins,* **Slip Opinion No. 2017-Ohio-2924.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-2924

DISCIPLINARY COUNSEL *v.* HOSKINS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Hoskins,* Slip Opinion No. 2017-Ohio-2924.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including practicing law in a jurisdiction in violation of regulation of legal profession in that jurisdiction—Permanent disbarment.*

(No. 2016-1496—Submitted February 8, 2017—Decided May 23, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-077.

_____

**Per Curiam.**

{¶ 1} Respondent, Robert Hansford Hoskins, of Cincinnati, Ohio, Attorney Registration No. 0068550, was admitted to the practice of law in Ohio in 1997.

{¶ 2} On February 19, 2015, the Supreme Court of Kentucky suspended Hoskins's license to practice law in that state for 60 days.  *Kentucky Bar Assn. v.*

*Hoskins*, 454 S.W.3d 289 (Ky.2015). We imposed reciprocal discipline on April 23, 2015, suspending Hoskins from the practice of law in Ohio for 60 days, and we conditioned his reinstatement on several factors, including his reinstatement in Kentucky. *Disciplinary Counsel v. Hoskins*, 142 Ohio St.3d 1244, 2015-Ohio-1532, 30 N.E.3d 964. The Ohio suspension remains in effect.

**{¶ 3}** In a March 4, 2016 amended complaint, relator, disciplinary counsel, charged Hoskins with multiple violations of the Rules of Professional Conduct in the course of representing six separate clients—including allegations that he knowingly continued to practice law while his license was suspended, impersonated a former colleague in dealings with opposing counsel and the courts of this state, lied to his clients about the status of his license to practice law, and failed to respond to relator's demands for information.

**{¶ 4}** And on June 28, 2016, during the pendency of this action, we indefinitely suspended Hoskins from the practice of law in yet another disciplinary action upon finding that he had engaged in "a disturbing pattern of neglect and an ongoing failure to comply with established rules and procedures—not to mention a flagrant disobedience of court orders and a troubling propensity to engage in dishonesty when his actions are questioned." *Cincinnati Bar Assn. v. Hoskins*, __ Ohio St.3d __, 2016-Ohio-4576, __ N.E.3d __, ¶ 43-44. We also found him in contempt of our April 23, 2015 reciprocal-discipline order and fined him $600 for continuing to practice law in three cases while his license was under suspension. *Id.* at fn. 2; *Disciplinary Counsel v. Hoskins*, 146 Ohio St.3d 1425, 2016-Ohio-4594, 52 N.E.3d 1201.

**{¶ 5}** Hoskins answered relator's complaint, admitting to some—but not all—of the alleged facts and rule violations. However, he did not appear at the panel hearing on the matter. Relator presented the testimony of six witnesses and submitted 43 exhibits to demonstrate Hoskins's misconduct. The Board of Professional Conduct issued a report finding that Hoskins committed multiple

violations of the Rules of Professional Conduct and recommended that he be permanently disbarred.

{¶ 6} We adopt the board's report and recommendation and permanently disbar Hoskins from the practice of law in Ohio.

**Misconduct**

*Count One: Bertke Electric Company, Inc.*

{¶ 7} On February 3, 2015, Hoskins commenced a civil action on behalf of his client Bertke Electric Company, Inc., a family business partly owned by Kevin Bertke. Following our April 23, 2015 suspension of his Ohio law license, Hoskins continued to practice law by impersonating attorney Thomas Mayes in communications with opposing counsel and the court.

{¶ 8} On one occasion, opposing counsel received Bertke's responses to discovery from an e-mail address bearing Mayes's name. In response, counsel sent a letter to the mailing address that Mayes had registered with the Office of Attorney Services notifying him of deficiencies in the discovery responses. During a subsequent telephone conversation, Mayes said that he had not participated in the case and that he had neither created nor used the e-mail address referenced in the letter. But when opposing counsel asked whether he knew Hoskins, Mayes replied that he had previously worked at a law office with Hoskins. After speaking with Mayes, the attorney reviewed his records and discovered that the person who had identified himself as Mayes during a telephone status conference with the court had called from the telephone number that Hoskins had registered with the Office of Attorney Services.

{¶ 9} Hoskins withdrew from the Bertke case in September 2015, stating that his license had become "inactive," but he failed to notify his own client of his withdrawal. After the court informed Bertke that he would need to obtain new counsel, he called Hoskins—who falsely claimed that he had forgotten to take some required classes and failed to timely renew his license; Hoskins did not reveal that

he had been practicing law without a license for approximately six months. Hoskins also failed to respond to relator's letters of inquiry regarding Bertke's grievance.

{¶ 10} We find that Hoskins's conduct violated Prof.Cond.R. 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 3.3(a)(1) (prohibiting a lawyer from knowingly making a false statement of fact or law to a tribunal), 3.4(c) (prohibiting a lawyer from knowingly disobeying an obligation under the rules of a tribunal), 4.1(a) (prohibiting a lawyer from knowingly making a false statement of material fact or law), 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), and 8.1(b) and Gov.Bar R. V(9)(G) (both requiring a lawyer to cooperate with a disciplinary investigation).

*Count Two: Preferred Interiors Drywall Systems, L.L.C.*

{¶ 11} In July 2014, Hoskins filed a complaint on behalf of Preferred Interiors Drywall Systems, L.L.C., in the Clermont County Court of Common Pleas. He participated in a scheduling conference with the court on June 19, 2015, identified himself as counsel for the plaintiff, and failed to mention that his license to practice law had been suspended for almost two months.

{¶ 12} Hoskins scheduled and appeared at the defendant's deposition on July 7, 2015, in Georgetown, Ohio. During the deposition, opposing counsel asked Hoskins whether he had been reinstated to the practice of law in Ohio. Hoskins claimed that he had spoken with an attorney in the Office of Disciplinary Counsel the previous day who informed him that his license had been reinstated. Opposing counsel's partner called the board and learned that Hoskins had not been reinstated to the practice of law in Ohio.

**{¶ 13}** During a break in the deposition, opposing counsel contacted the judge to inform him that Hoskins was deposing the witness despite his ongoing suspension from the practice of law. After confirming that the suspension remained in effect, the judge issued an order staying all further proceedings in the case, prohibiting Hoskins from participating in the case, and directing him to immediately advise his client of his suspension.

**{¶ 14}** By continuing to practice law while his license was under suspension and falsely representing that his license had been reinstated, Hoskins violated Prof.Cond.R. 4.1(a), 5.5(a), 8.4(c), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).

*Count Three: The Hounchell Adoption*

**{¶ 15}** On June 5, 2015, Hoskins filed an adult-adoption petition and paid the court costs in Hamilton County Probate Court case No. 2015-002350, *In re Adoption of Hounchell.* At the July 6, 2015 hearing on the matter, Hoskins identified himself as an attorney, entered an appearance, and examined the petitioners and the adoptee. By engaging in this conduct while his license was under suspension, Hoskins violated Prof.Cond.R. 5.5(a).

*Count Four: The Hanks Divorce*

**{¶ 16}** In December 2014, Robert M. Hanks paid Hoskins $1,500 to represent him in a divorce proceeding in the Adams County Court of Common Pleas. In violation of this court's April 23, 2015 order, Hoskins failed to notify Hanks of his suspension, return Hanks's file, or refund any unearned fees. Nevertheless, Hanks learned of the suspension in late May or early June 2015 and asked Hoskins about it. Hoskins falsely stated that he was still entitled to practice law in Ohio. After that conversation, Hoskins failed to respond to Hanks's communications—including his request for a refund and the return of his file. Hanks obtained new counsel at an additional cost.

**{¶ 17}** Hoskins's knowing failure to notify Hanks of his suspension from the practice of law and his dishonesty when questioned about that suspension violated Prof.Cond. R. 1.4(a)(3), 3.4(c) and 8.4(c). His conduct toward Hanks also violated Prof.Cond.R. 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), 1.16(d) (requiring a lawyer withdrawing from representation to take steps reasonably practicable to protect a client's interest), and 1.16(e) (requiring a lawyer to promptly refund any unearned fee upon the lawyer's withdrawal from employment).

*Count Five: The Howser Parenting-Agreement Modification*

**{¶ 18}** Laura Howser paid Hoskins $850 to seek modification of her parenting agreement with her ex-husband in October 2014. Although he prepared a one-paragraph affidavit that was to be submitted with Howser's motion and presented it to her for her signature, she told him to wait for her instruction to file the documents with the court.

**{¶ 19}** Howser later sent Hoskins an e-mail indicating that due to a change in circumstances, his services were no longer needed. She requested an itemized statement and a refund of the unearned portion of her retainer, but Hoskins did not respond to her e-mail.

**{¶ 20}** In September 2015, Howser searched the Internet and discovered that Hoskins had been suspended from the practice of law in Ohio. She sent him an e-mail informing him that she knew about the suspension and demanding a refund of her unearned retainer. Approximately three months later, she received a $700 refund—half from Hoskins and half from attorney Danny Bubp, with whom Hoskins once shared an office. However, Hoskins did not respond to relator's letters of inquiry regarding Howser's grievance.

**{¶ 21}** We find that Hoskins's conduct in this matter violated Prof.Cond.R. 1.4(a)(3), 1.4(a)(4), 1.16(d), 1.16(e), 3.4(c), and 8.1(b) and Gov.Bar R. V(9)(G).

*Count Six: The Covert Matters*

**{¶ 22}** In his answer to the amended complaint, Hoskins admitted that he had prepared a will for Dr. Howard Covert and that he sent a draft to him in December 2015. He also acknowledged that he had met with Covert on at least ten occasions in the three years prior to relator's March 4, 2016 filing of the first amended complaint and that they met in September 2015 to discuss Covert's retirement and the sale of his optometry practice. On these facts, we find that Hoskins violated Prof.Cond.R. 5.5(a) by continuing to practice law in these matters while his license was under suspension.

**Sanction**

**{¶ 23}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties the lawyer violated, relevant aggravating and mitigating factors, and the sanctions imposed in similar cases. *See* Gov.Bar R. V(13)(A).

**{¶ 24}** Here, eight aggravating factors are present. Hoskins has a significant prior disciplinary record, including the suspension of his Kentucky law license, our reciprocal suspension of his Ohio license, our subsequent finding that he was in contempt of that reciprocal suspension, and our indefinite suspension of his Ohio license on June 28, 2016. *See* Gov.Bar R. V(13)(B)(1). He also acted with a dishonest or selfish motive by knowingly continuing to practice law in multiple cases while his license was under suspension; by repeatedly lying to his clients, the courts, and other attorneys; and even by impersonating a former colleague to facilitate his misconduct. *See* Gov.Bar R. V(13)(B)(2). Moreover, Hoskins engaged in a pattern of misconduct involving multiple offenses, failed to cooperate in the resulting disciplinary investigations, submitted false statements during the disciplinary process, failed to acknowledge the wrongful nature of his misconduct, and harmed his clients. *See* Gov.Bar R. V(13)(B)(3) through (8).

**{¶ 25}** After the panel hearing, Hoskins submitted a psychologist's letter to the board without seeking leave to supplement the record. The board refused to consider the letter in mitigation because Hoskins had been barred from presenting documentary evidence at the hearing based on his failure to exchange hearing exhibits with relator before the hearing. But even if we were to consider the psychologist's letter, it does not satisfy all the requirements of Gov.Bar R. V(13)(C)(7) and, therefore, would be insufficient to establish the existence of a mitigating disorder.

**{¶ 26}** In mitigation, we note that other sanctions or penalties have been imposed for some of Hoskins's misconduct—including our finding of contempt and our imposition of a $600 fine for his continued practice of law while his license was under suspension, *Disciplinary Counsel v. Hoskins*, 146 Ohio St.3d 1425, 2016-Ohio-4594, 52 N.E.3d 1201; *Cincinnati Bar Assn. v. Hoskins*, __ Ohio St.3d __, 2016-Ohio-4576, __ N.E.3d __, at fn. 2. *See* Gov.Bar R. V(13)(C)(6). But that mitigating factor alone is insufficient to overcome the substantial aggravating factors present in this case.

**{¶ 27}** We have recognized that the presumptive sanction for continuing to practice law while under suspension is disbarment. *E.g.*, *Disciplinary Counsel v. Fletcher*, 135 Ohio St.3d 404, 2013-Ohio-1510, 987 N.E.2d 678, ¶ 10; *Disciplinary Counsel v. Sabroff*, 123 Ohio St.3d 182, 2009-Ohio-4205, 915 N.E.2d 307, ¶ 21; *Disciplinary Counsel v. Frazier*, 110 Ohio St.3d 288, 2006-Ohio-4481, 853 N.E.2d 295, ¶ 54; *Disciplinary Counsel v. Allison*, 98 Ohio St.3d 322, 2003-Ohio-776, 784 N.E.2d 695, ¶ 12. And we have customarily imposed that sanction on attorneys who violated our suspension orders on multiple occasions and then failed to cooperate in the ensuing disciplinary investigation. *See, e.g.*, *Cleveland Metro. Bar Assn. v. Pryatel*, 145 Ohio St.3d 398, 2016-Ohio-865, 49 N.E.3d 1286, ¶ 4-6, 18; *Cleveland Metro. Bar Assn. v. Brown*, 143 Ohio St.3d 333, 2015-Ohio-2344, 37

N.E.3d 1199, ¶ 5, 14, 17; *Cleveland Metro. Bar Assn. v. Cicirella*, 133 Ohio St.3d 448, 2012-Ohio-4300, 979 N.E.2d 244, ¶ 5, 10, 13.

{¶ 28} In light of Hoskins's extensive pattern of deliberately and repeatedly violating this court's prior orders, the presence of numerous aggravating factors, and the absence of significant mitigating factors, we find that permanent disbarment is the only appropriate sanction in this case.

{¶ 29} Accordingly, we permanently disbar Robert Hansford Hoskins from the practice of law in Ohio and order him to make restitution of $1,500 to Robert M. Hanks no later than 90 days from the date of this opinion. Costs are taxed to Hoskins.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, and DEWINE, JJ., concur.

FISCHER, J., not participating.

_____

Scott J. Drexel, Disciplinary Counsel, for relator.

Robert Hoskins, pro se.

_____