[Cite as *State v. Whitman*, 2019-Ohio-377.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| RICHARD S. WHITMAN | : | Case No. 2018CA00134 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case. No. 2018CR0134



JUDGMENT:     Affirmed



DATE OF JUDGMENT:     February 4, 2019



APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney
By: KRISTINE W. BEARD
110 Central Plaza South, Suite 510
Canton, OH  44702

For Defendant-Appellant

RICHARD S. WHITMAN, PRO SE
Inmate No 694-724
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, OH  43950

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Richard S. Whitman, appeals the August 21, 2018 judgment entry of the Court of Common Pleas of Stark County, Ohio, denying his petition for postconviction relief.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On April 27, 2017, appellant was found guilty of one count of murder with a firearm specification in violation of R.C. 2903.02 and 2941.145 and one count of having weapons under disability in violation of R.C. 2923.13.  By judgment entry filed May 5, 2017, the trial court sentenced appellant to an aggregate term of twenty-one years to life in prison.  His conviction was affirmed on appeal with a limited remand for resentencing. *State v. Whitman,* 5th Dist. Stark No. 2017CA00079, 2017-Ohio-2924.[1]

{¶ 3}   On July 24, 2018, appellant filed a petition for postconviction relief, claiming ineffective assistance of counsel.  By judgment entry filed August 21, 2018, the trial court denied the petition, finding appellant was "just requesting a second bite of the apple," and it did not find any trial counsel deficiency.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 5}   "A TRIAL COURT ABUSES ITS DISCRETION WHEN IT FAILS TO PROPERLY CONSIDER A PETITION FOR POST CONVICTION RELIEF."

---

[1]The opinion contains a very lengthy and thorough account of the facts.  We hereby incorporate the facts by reference.

II

{¶ 6}  "DEFENDANT'S SIXTH AMENDMENT RIGHTS WERE VIOLATED DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL."

III

{¶ 7}  "DEFENDANT'S SIXTH AMENDMENT RIGHTS WERE VIOLATED DUE TO INNEFFECTIVE ASSISTANCE OF COUNSEL."

IV

{¶ 8}  "DEFENDANT'S SIXTH AMENDMENT RIGHTS WERE VIOLATED DUE TO INNEFFECTIVE ASSISTANCE OF COUNSEL."

I

{¶ 9}  In his first assignment of error, appellant claims the trial court abused its discretion in failing to properly consider his petition for postconviction relief.  We disagree.

{¶ 10} It appears appellant is arguing the trial court should have afforded him an evidentiary hearing.  R.C. 2953.21 governs petition for postconviction relief.  Subsection (D) states the following in pertinent part:

> Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief.  In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the

journalized records of the clerk of the court, and the court reporter's transcript.

{¶ 11} In *State v. Jackson,* 64 Ohio St.2d 107, 111, 413 N.E.2d 819 (1980), the Supreme Court of Ohio held the following:

Before a hearing is granted, the petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness.

Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing. See *Rivera v. United States* (C.A. 9, 1963), 318 F.2d 606.

{¶ 12} In its judgment entry filed August 21, 2018, the trial court denied appellant's petition without hearing, stating the following:

In this case, the Defendant's self-serving statements do not establish that counsel was ineffective and do not support granting a petition for post conviction relief.* * *From a review of the case, the Defendant is just

requesting a second bite at the apple. The Court did not find the Defendant's attorney's representation as deficient. It's always possible to second guess counsel, but often it is due to trial strategy.

{¶ 13} Based upon our review of appellant's arguments, affidavit, and documents in support of his petition for postconviction relief as discussed in the following assignments of error, we find the trial court did not abuse its discretion in failing to hold an evidentiary hearing.

{¶ 14} Assignment of Error I is denied.

## II, III, IV

{¶ 15} In his second, third, and fourth assignments of error, appellant claims his rights were violated due to ineffective assistance of trial counsel. We disagree.

{¶ 16} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. Appellant must establish the following:

2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶ 17} Appellant argues his trial counsel was deficient in failing to investigate and present evidence of police misconduct (moving the body), failing to investigate, prepare, and present evidence regarding potential testimony from the victim's son that would have supported his claim of self-defense, and failing to bring forth exculpatory evidence (phone records and text messages).

## EVIDENCE OF POLICE MISCONDUCT

{¶ 18} Appellant argues photographs admitted into evidence prove that the police moved the victim's body. This action "altered the crime scene" which prohibited appellant from presenting a complete defense at trial.

{¶ 19} In his appellate brief, appellant argues the victim was shot three times, in the head, chest, and arm. While appellant agrees with the state as to "how the bullet angle was," he disagrees with the order of the three shots and challenged how many feet away the victim was from appellant when he was actually shot. Appellant argues his trial counsel failed to investigate these issues and should have hired an expert to challenge the state's theories. Appellant does not elaborate as to how the lack of a defense expert prejudiced his trial or how a defense expert would have changed the result of the trial.

{¶ 20} In his affidavit attached to his petition, appellant averred his trial counsel did not pursue the issue of the moved body at trial. The officers on the scene were wearing

body cams. The body cam videos were played for the jury. According to appellant's affidavit, the videos showed the officers moving the body. The jury was able to see for themselves that the officers had moved the body and during deliberations, could have considered whether the moving of the body had any bearing on the case. Furthermore, appellant testified in his own defense and did not raise the issue of the body's placement.

### TESTIMONY OF VICTIM'S SON

{¶ 21} Appellant argues his trial counsel should have presented evidence of statements made by the victim's son Nicholas because the statements would have supported his claim of self-defense.

{¶ 22} In his appellate brief, appellant cites the report of Patrolman Scott Jones who interviewed Nicholas following his father's death. This report was also attached to appellant's petition for postconviction relief. In the report, Patrolman Jones indicated Nicholas stated his father and appellant had bad blood between them and "[i]t appeared that [Nicholas] was not surprised by the fact the suspect had killed his father." Appellant argues this information, if presented to the jury, would have supported his claim of self-defense. The information would have shown that the victim behaved aggressively toward appellant. Appellant does not elaborate as to how the lack of Nicholas's testimony prejudiced his trial or how the testimony would have changed the result of the trial.

{¶ 23} In his affidavit, appellant averred his trial counsel did not pursue the statements made by Nicholas. Appellant stated Nicholas would have been able to "provide insight into why his father had such a hostile attitude toward me from our first meeting as well as what he knew about his father's demeanor and what his father had told him about why he was going to confront me." It is very possible that Nicholas's

statements could have been more inculpatory than exculpatory. This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." *State v. Post,* 32 Ohio St.3d 380, 388, 513 N.E.2d 754 (1987). Furthermore, appellant testified and raised the issue of the "bad blood" between him and the victim. He was able to advance his self-defense claim by testifying that the victim was the aggressor and he was fearful of the victim.

EXCULPATORY EVIDENCE

{¶ 24} Appellant argues his trial counsel failed to present evidence of the phone calls and/or text messages between his sister and the victim.

{¶ 25} Appellant argues the evidence would have shown that his sister "agitated" the entire situation and incited violence. Again, appellant argues his trial counsel should have hired an expert to examine the phones of his sister and the victim. Appellant does not elaborate as to how the lack of a defense expert and the phone evidence prejudiced his trial or how they would have changed the result of the trial.

{¶ 26} In his affidavit, appellant averred his sister's agitation of the victim was the proximate cause of the victim coming over and attacking him violently and the phone records would have proven that. However, appellant did not indicate the relevance of this argument. Appellant's sister testified for the defense. She explained how she contacted the victim several times during the day and asked him to come over to help her with appellant because appellant was drunk and causing problems and she was concerned that he was going to commit suicide. On direct she testified how after the victim arrived, he pinned her brother against the bedroom wall and was screaming at him and head-butting him. At one point the victim was on top of appellant and had his hand around

appellant's throat. The two then separated for several minutes with appellant upstairs and the victim downstairs. When the victim went back upstairs, she did not hear any arguing or words before appellant shot the victim. This testimony helped to advance appellant's claim of self-defense and appellant's fear of the victim.

{¶ 27} We note each of appellant's arguments on ineffective assistance of counsel could have been raised on direct appeal and are therefore barred under the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. *See Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995).

{¶ 28} Appellant failed in his burden "to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness" to warrant an evidentiary hearing. Appellant did not present substantive grounds for relief.

{¶ 29} Upon review, we find the trial court did not err or abuse its discretion in not holding an evidentiary hearing and in denying appellant's petition for postconviction relief.

{¶ 30} Assignments of Error II, III, and IV are denied.

{¶ 31} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Gwin, J. concur.

EEW/db 116