[Cite as *State v. Whitman*, 2019-Ohio-4140.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| RICHARD WHITMAN | : | Case No. 2019CA00094 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 2016 CR 2255


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        October 7, 2019


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JOHN D. FERRERO        RICHARD WHITMAN, PRO SE
Prosecuting Attorney        Inmate No. A694-724
        Belmont Correctional Institution
By: KRISTINE W. BEARD        P.O. Box 540
110 Central Plaza, South        St. Clairsville, OH  43950
Suite 510
Canton, OH  44702-1413

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Richard Whitman, appeals the June 6, 2019 judgment entry of the Court of Common Pleas of Stark County, Ohio, denying his motion to vacate a void sentence and conviction.  Plaintiff-Appellee is state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   On April 27, 2017, appellant was found guilty of one count of murder with a firearm specification in violation of R.C. 2903.02 and 2941.145 and one count of having weapons under disability in violation of R.C. 2923.13.  By judgment entry filed May 5, 2017, the trial court sentenced appellant to an aggregate term of twenty-one years to life in prison.  His conviction was affirmed on appeal with a limited remand for resentencing. *State v. Whitman,* 5th Dist. Stark No. 2017CA00079, 2017-Ohio-2924.[1]

{¶ 3}   On July 24, 2018, appellant filed a motion for postconviction relief, claiming ineffective assistance of counsel.  By judgment entry filed August 21, 2018, the trial court denied the motion, finding appellant was "just requesting a second bite of the apple," and it did not find any trial counsel deficiency.  The trial court's decision was affirmed on appeal. *State v. Whitman,* 5th Dist. Stark No. 2018CA00134, 2019-Ohio-377.

{¶ 4}   On August 13, 2018, the trial court resentenced appellant per this court's remand. *See* Judgment Entry filed September 28, 2018.

{¶ 5}   On April 15, 2019, appellant filed a petition to vacate and set aside judgment of conviction and sentence, claiming in part recent changes to R.C. 2901.05 regarding the defense of self-defense should be applied retroactively in his case.  By judgment entry

---

[1]The opinion contains a very lengthy and thorough account of the facts.  We hereby incorporate the facts by reference.

filed June 6, 2019, the trial court denied the petition, finding the petition was untimely, did not comply with the requirements for an untimely filing, and was barred by the doctrine of res judicata.

{¶ 6}   Appellant filed an appeal and this matter is now before this court for consideration.  Appellant has failed to set forth an assignment of error, however we glean the following from his brief:[2]

I

{¶ 7}   "THE TRIAL COURT ERRED IN DENYING APPELLANT'S PETITION TO VACATE AND SET ASIDE JUDGMENT OF CONVICTION AND SENTENCE."

I

{¶ 8}   In his sole assignment of error, appellant claims the trial court erred in denying his petition to vacate and set aside judgment of conviction and sentence.  We disagree.

{¶ 9}   As determined by the trial court, appellant's April 15, 2019 petition was clearly untimely pursuant to R.C. 2953.21(A)(2).  Based upon appellant's past filings, the subject petition was a successive petition for postconviction relief.  R.C. 2953.23 governs second or successive petitions for postconviction relief and states the following:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that

---

[2]The assignments of error listed in appellant's reply brief are not properly before this court. App.R. 16.

section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.[3]

{¶ 10} In reviewing appellant's April 15, 2019 filing, we find appellant did not satisfy the requirements of R.C. 2953.23.

{¶ 11} Changes to R.C. 2901.05, effective March 28, 2019, do not apply retroactively to appellant's case. *See* R.C. 1.48 ("A statute is presumed to be prospective in its operation unless expressly made retrospective"); *State v. Krug,* 11th Dist. Lake No.

---

[3]Subsection (A)(2) does not apply in this case.

2018-L-056, 2019-Ohio-926, ¶ 24 (simply because the General Assembly amended R.C. 2901.05 to shift the burden of proof going forward with evidence of an affirmative defense of self-defense, "it does not equate to finding the former statute unconstitutional"). The statute as amended does not provide for retroactive application.

{¶ 12} Any other arguments raised by appellant in his petition are barred under the doctrine of res judicata. As stated by the Supreme Court of Ohio in *State v. Perry,* 10 Ohio St.2d 175 (1967), paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for postconviction relief. The *Perry* court explained the doctrine at 180-181 as follows:

Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

{¶ 13} The issues raised by appellant in his petition could have been raised on direct appeal and/or were raised in his previous appeals.

{¶ 14} Upon review, we find the trial court did not err in denying appellant's petition for postconviction relief.

{¶ 15} The sole assignment of error is denied.

{¶ 16} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.

EEW/db